Judge Lauren King

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
# IN THE WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| **NATHAN JOVEE,** | **Case No.: 2:22-cv-00168-LK** |
| Plaintiff, | |
| | **FIRST MOTION TO AMEND COMPLAINT** |
| vs. | **AND REMAND BACK TO STATE COURT** |
| **MEERA SHIN et al.,** | |
| Defendants. | **Noted for April 1st, 2022** |

The plaintiff, Nathan Jovee, pro se, moves the Court pursuant to FRCP 15(a) to amend his complaint against the Defendants.

FRCP 15(a) states that for the complaint to be amended, the plaintiff must obtain leave of court and leave shall be granted when justice requires.

The plaintiff seeks to have the complaint amended to remove the Americans with Disabilities Act (ADA) claim (Ex. B, ₱ 16, Ln. 20) and remand this back to state court for further adjudication of plaintiff's state claims; as no further federal causes of action would grant this court jurisdiction in plaintiffs first amended complaint.


**DATED** this 17th day of March, 2022 at Everett, Washington.


//S// Nathan Jovee
Nathan Jovee, Pro Se litigant
Honorably Discharged Disabled
Iraqi War Veteran

**MOTION TO AMEND COMPLAINT
-PAGE 1**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4

## DECLARATION

5    Undersigned states and declares as follows:

6    This particular motion resulted from plaintiff inadvertently leaving the ADA in his state

7    complaint.   Plaintiff does not and did not intend to litigate this ADA claim.

8    The proposed first amended complaint is attached as Exhibit A, outlining the removal of

9    the "three words"; ADA.   Exhibit B shows where plaintiff inadvertently left the ADA in his

10   complaint at ⊩ 16, Ln. 20.   No other federal claims exist giving this court jurisdiction to

11   adjudicate the further claims in plaintiffs amended complaint.

12
13   DATED this 17th day of March 2022 at Everett, Washington.

14
                        //s// Nathan Jovee
15                      Nathan Jovee, Pro Se litigant
                        Honorably Discharged Disabled
16                      Iraqi War Veteran

17
18
19
20
21
22
23
24
25
26
27
28

**MOTION TO AMEND COMPLAINT**
**-PAGE 2**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

# Exhibit A

Judge Lauren King

## IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
## IN THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **NATHAN JOVEE,**<br>Plaintiff,<br><br>vs.<br><br>**MEERA SHIN as a County of Snohomish contracted Guardian Ad Litem, COUNTY OF SNOHOMISH as a sub-division of the State of Washington, COUNTY OF SNOHOMISH SHERIFF, DEPUTY SHERIFF JIM SIMONESCHI as a County of Snohomish Deputy Sheriff, L.M.E., INC, as a Legal Services Provider for the County of Snohomish and DOES 1 - 50,**<br>Defendants. | **Case No.: 2:22-cv-00168-LK**<br><br>**[PROPOSED] PLAINTIFF'S 1ST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) Negligence;**<br><br>**(2) Intentional Infliction of Emotional Distress; and**<br><br>**(3) The Washington State Consumer Protection Act.**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, plaintiff Nathan Jovee, a pro se indigent litigant who alleges as

follows:

### General Allegations

1. Plaintiff:

   At all times relevant to this Complaint, N. Jovee was and is currently a resident of the

County of Snohomish, located in Washington State; 425-530-7435; njovee@gmail.com.

2. Defendants:

**MOTION TO AMEND COMPLAINT -
PAGE 1**

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

**Defendant No. 1**

At all times applicable herein, the County of Snohomish was and is a public entity of the State of Washington.

**Defendant No. 2**

N. Jovee asserts, on information and belief, at all times herein the County of Snohomish Sheriff and County of Snohomish Sheriff's Department are independently elected sub-divisions of the County of Snohomish and the State of Washington. Defendant County of Snohomish is vicariously liable for the actions of Defendants County of Snohomish Sheriff/Department under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

**Defendant No. 3**

N. Jovee asserts, on information and belief, at all times herein Defendant County of Snohomish Deputy Sheriff Jim Simoneschi is a resident of the County of Snohomish and is employed by the County of Snohomish Sheriff and/or the County of Snohomish and was within the course and scope of his employment as Deputy Sheriff. Defendant County of Snohomish and/or County of Snohomish Sheriff is vicariously liable for the actions of Defendant Jim Simoneschi under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

**MOTION TO AMEND COMPLAINT - PAGE 2**

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

1
2
3
4
5

**Defendant No. 4**

6
7
N. Jovee asserts, on information and belief, at all times herein Defendant Guardian Ad

Litem (GAL) Doctor Meera Shin is a resident of the County of King and is or was contracted
8
9
and/or employed by the County of Snohomish and was within the course and scope of her

10
employment and/or contract as a County of Snohomish GAL. Defendants County of

11
Snohomish and/or L.M.E., INC, as a "business entity", is vicariously liable for the actions of

12
Defendant GAL Dr. Meera Shin under *respondeat superior* and other principles of agency law,

13
such as, but not limited to, master-servant.

14
15

**Defendant No. 5**

16
17
N. Jovee asserts, on information and belief, at all times herein Defendant L.M.E., INC,

18
the Registered and Governing Agent Lisa Micheli as Attorney at Law is an Active Business

19
entity located in Everett, WA, 98203 in the County of Snohomish and was and/or is contracted

20
with the County of Snohomish and was within the course and scope of her contract for Legal

21
Services for the County of Snohomish. Defendant County of Snohomish and/or L.M.E., INC,

22
as a "business entity", is vicariously liable for the actions of Defendant/s L.M.E., INC and GAL

23
24
Dr. Meera Shin; under *respondeat superior* and other principles of agency law, such as, but not

25
limited to, master-servant.

26
27

**Defendant No. 6**

28

**MOTION TO AMEND COMPLAINT -
PAGE 3**

N. Jovee is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 50, and for that reason has sued such Defendants under such fictitious names. N. Jovee reserves his Rights, and will seek leave of Court to Amend this Complaint to identify said Defendants when their identities have been ascertained. N. Jovee is informed each of the factitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused damages and injuries set forth herein.

3. N. Jovee claims this case involves Defendant County of Snohomish; allowing the Skagit County Superior Court to assume Jurisdiction and assert this is the proper Venue as prescribed under **RCW 36.01.050(1)**.

4. A claim for damages was properly filed with Defendant County of Snohomish. More than sixty (60) days have elapsed without a response from any Defendant. Attached hereto as **Exhibit 1** is a true and correct copy of N. Jovee's claim for damages submitted to the County of Snohomish Auditor's Office/Risk Management.

### Background of Facts

5. N. Jovee married Jolene Marie Matkins, herein J. Jovee on November 27th, 2006 in Everett, Washington while he was serving on Active Duty in the United States Armed Forces. The marriage produced three sons, LJ (10/2008), SJ (10/2011), and BJ (12/2014). All three children had a close relationship with each other and had an equally as strong bond with their father, N. Jovee, and Mother J. Jovee.

6. The Marriage ended when J. Jovee filed a Petition for Dissolution of Marriage on May

**MOTION TO AMEND COMPLAINT - PAGE 4**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4
23rd, 2016. An Automatic Temporary Injunction was entered upon the Parties by the
5
Bryan County District Court of Oklahoma preventing the parties from removing the minor
6
children from the State of Oklahoma. During the pendency of the Jovee's Dissolution of
7
Marriage proceedings in the State of Oklahoma, J. Jovee produced a fourth (4) child in June
8
9
of 2018; before the Jovee's were Divorced. A Judgment of Dissolution was entered in
10
September of 2018 (Reversed in part 2021). J. Jovee was found Guilty of Contempt of
11
Court by the Bryan County District Court for the State of Oklahoma in September of 2018
12
for removing the three (3) minor children from the State of Oklahoma twelve (12) days
13
after Petitioning the Bryan County District Court for the State of Oklahoma for a
14
Dissolution of Marriage. This violated the Oklahoma Automatic injunction entered by the
15
Court after Petitioning for Divorce.
16
17
7. On December 14th, 2016 J. Jovee began "forum shopping" in Washington State District
18
Court, Evergreen Division in Monroe, WA, County of Snohomish by initiating Court
19
proceedings without exercising "Emergency Jurisdiction" as prescribed in **RCW 26.27** the
20
UCCJEA.

21
8. On December 14th, 2016 the Bryan County District Court of Oklahoma entered an Order
22
for Child Support upon N. Jovee in accordance with **RCW 26.27** the UCCJEA and **RCW**
23
**26.21A** the UIFSA.
24
25
9. On December 27th, 2016 the County of Snohomish was made aware proceedings involving
26
the three (3) said Minor Children involved in this case and both parents were currently
27
under the Jurisdiction of the State of Oklahoma in accordance with **RCW 26.27** the
28

**MOTION TO AMEND COMPLAINT -
PAGE 5**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4   UCCJEA.

5   10. On or about December of 2017 N. Jovee moved from the State of Oklahoma to the State of

6   Washington.  The Bryan County District Court of Oklahoma maintained Jurisdiction over

7   all parties under **RCW 26.27** the UCCJEA and/or the **RCW 26.21A** the UIFSA.

8
9   11. On September 27th, 2018 the Bryan County District Court of Oklahoma entered a Custody

10  Determination in accordance with **RCW 26.27** the UCCJEA and declaring "Home State"

11  over N. Jovee, J. Jovee, and their three (3) said minor children in accordance with **RCW**

12  **26.27** the UCCJEA.  Oklahoma maintained Jurisdiction for purposes of "appeal" and in

13  accordance with **RCW 26.27** the UCCJEA; confirmed by the Oklahoma State Supreme

14  Court Mandate.  N. Jovee hired Counsel, Ms. Julie Fulton located in Oklahoma City, to file

15  an Appeal on behalf of N. Jovee.  This Order was eventually Reversed in-Part and

16  Remanded with Instruction; June 8th, 2021.

17
18  12. On October 26th, 2018 N. Jovee filed an appeal through Counsel Ms. Julie Fulton, located

19  in Oklahoma City, with the Oklahoma Court of Appeals.

20  13. On August 21st, 2018 the minor children's Father N. Jovee made a suspected child abuse

21  report to the County of Snohomish Department of Children, Youth, and Family Services

22  upon LJ reporting abuse.  A Social Worker did not investigate the allegations due to this

23  report being "screened out".

24
25  14. On October 30th, 2018 an "anonymous" reporter from the Sultan Public Elementary School

26  made a suspected child abuse report to the County of Snohomish Department of Children,

27  Youth, and Family Services on Jolene for "physical abuse" upon the oldest minor child,

28

**MOTION TO AMEND COMPLAINT -**
**PAGE 6**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1

2

3

4        striking and leaving a "red mark" across the child's face.

5    15. On January 10th, 2019 a GAL Complaint was submitted to the King County Superior Court

6        GAL Committee against Defendant GAL Dr. Meera Shin; claiming HIPPA misconduct and

7        fraud.

8
9    16. On February 16th, 2019 an incident occurred where J. Jovee, the mother of the three (3)

10        said Minor Children in this case, attempted to "remove" the three (3) said Minor Children

11        from the care and custody of N. Jovee, on N. Jovee's Court Ordered visitation time.  The

12        said Minor Children were returned to the safety of N. Jovee by the Washington State City

13        of Fife Police Department to finish said visitation time with Father as allotted under the

14        Court Ordered Oklahoma Custody Determination.

15
16    17. On April 26th, 2019 N. Jovee made Defendant's County of Snohomish and L.M.E., INC

17        aware by filing a Declaration, that a Custody Determination was already in place by the

18        Bryan County District Court of the State of Oklahoma; and in accordance with **RCW**

19        **26.27**.

20    18. On May 14th, 2019 Defendant County of Snohomish Sheriff's Department showed bias;

21        and colluded for an improper purpose, without just cause, in N. Jovee's Child Support

22        proceedings by making attorney for Washington State DSHS Chris Shawn Shaha a

23        "witness" in a criminal investigation of N. Jovee's mother, Lori Shavlik.

24
25    19. On June 18th, 2019 the County of Snohomish Superior Court "enforced" Jurisdiction over

26        the three (3) said minor Jovee Children and one adult party (J. Jovee), all while those said

27        parties were under the Jurisdiction of the State of Oklahoma.  The County of Snohomish

28

**MOTION TO AMEND COMPLAINT -
PAGE 7**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

20. On September 11th, 2019 N. Jovee was told by the Snohomish County Clerk's Office employee Gena Sanchez-Peña, his only option to seek relief in an "Emergency Jurisdiction" capacity was to "register" his "Foreign Judgment" Parenting Plan in the County of Snohomish Superior Court. N. Jovee "registered" his out of State Custody Determination on this same day for emergency relief due to J. Jovee attempting to "remove" the minor children from the care and custody of N. Jovee in Fife, WA at a 10-minute wrestling weigh-in in violation of **RCW 26.27**. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

21. On October 18th, 2019 County of Snohomish employee Sanda Meeker filed a Notice of Appearance on behalf of "the State of Washington" into County of Snohomish Superior Court Cause No. 19-3-02130-31. No SAAG/SAAP disclosures were made, nor any other disclosures made to the parties.

22. On November 14th, 2019 the County of Snohomish Superior Court removed L. Shavlik, N. Jovee's mother, from the Courtroom Sua Sponte. This cleared the Courtroom and left no witnesses or support for N. Jovee. This same day County of Snohomish Superior Court "assigned" a GAL without allowing the parties to choose from three (3) GALs as **RCW 26.12.177** allows. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

23. On February 1st, 2020 all County of Snohomish Superior Court Judges and Commissioners

**MOTION TO AMEND COMPLAINT -
PAGE 8**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1

2

3

4      disqualified themselves from hearing case number 19-2-05888-31, *Glenda Matkins v. L.*

5      *Shavlik* in which the Defendant was L. Shavlik, who is N. Jovee's Mother and the Plaintiff

6      was J. Jovee's Mother, Glenda Matkins.

7      24. On June 15th, July 8th, and July 29th, 2020 the County of Snohomish Superior Court

8          entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter
9
10         Jurisdiction, over the three (3) said Minor Children in this case at the same time as the State

11         of Oklahoma.   The County of Snohomish Superior Court did not exercise "Emergency

12         Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

13     25. On April 19th, 2020 the County of Snohomish Superior Court assigned Defendant GAL Dr.

14         Meera Shin to County of Snohomish Superior Court Cause No. 19-3-02130-31 without

15         considering **RCW 26.12** and **RCW 26.27**.
16
17     26. On June 29th, 2020 the County of Snohomish Superior Court entered an Order "enforcing"

18         Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said

19         Minor Children in this case at the same time as the State of Oklahoma.   The County of

20         Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the

21         parties in accordance with **RCW 26.27**.

22     27. On July 27th, 2020 the Oklahoma Appellate Court "Affirmed in Part, Reversed in Part, and

23         Remanded with Further Instruction" the Original Oklahoma Custody Determination.
24
25         Oklahoma Courts retained "home state" Jurisdiction in accordance with the **RCW 26.27**.

26     28. On August 17th, 2020 Counsel for N. Jovee Ms. Julie Fulton, located in Oklahoma City,

27         OK filed a Petition for Certiorari Review with the Oklahoma Supreme Court.   This was

28

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

1
2
3
4     eventually Denied.

5  29. On August 19th, 2020 the County of Snohomish Superior Court entered Orders "enforcing"
6       Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said
7       Minor Children in this case at the same time as the State of Oklahoma. The County of
8       Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the
9
10      parties in accordance with **RCW 26.27**.

11 30. On August 20th, 2020 @ 12:38 p.m. N. Jovee sent an email to the County of Snohomish
12      Executive explaining what was happening with Defendant GAL Dr. Meera Shin in an
13      attempt to seek relief and file a GAL complaint. The County of Snohomish Executive did
14      not respond.

15 31. On August 21st, 2020 N. Jovee filed a GAL complaint with the County of Snohomish
16      Superior Court on GAL Dr. Meera Shin.
17
18 32. On August 26th, 2020 the County of Snohomish Superior Court listed the three (3) said
19      Minor Jovee Children and J. Jovee on a Washington State Protection Order. The County of
20      Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the
21      parties in accordance with **RCW 26.27**.

22 33. On September 25th, 2020 County of Snohomish Superior Court dismissed N. Jovee's said
23      GAL Complaint. County of Snohomish Superior Court employee Jennifer Langbehn,
24      specifically, dismissed this GAL Complaint without disclosing she was previously
25      employed by County of Snohomish Superior Court employee Patrick Moriarty; who started
26
27      the said violations against N. Jovee by assigning GAL's to County of Snohomish Superior
28

**MOTION TO AMEND COMPLAINT -
PAGE 10**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

Court Cause No. 19-3-02130-31. Further, it was discovered Defendant L.M.E., INC was the Legal Service Provider who was making decisions and/or giving legal advice regarding N. Jovee's GAL Complaints.

34. On October 7th, 2020 N. Jovee filed a Motion to Dismiss GAL Dr. Meera Shin; Motion to Change Venue; Motion to Disqualify all Snohomish County Judges and Commissioners due to a "Public Records Request" showing extensive communication between Court Administrative employees and GAL Dr. Meera Shin. GAL Dr. Meera Shin asked the Court "what is your advice with this parent"; GAL Dr. Meera Shin is no longer giving her opinion in her Report, the Court Staff has also contributed.

35. On October 21st, 2020 a hearing was held on N. Jovee's Motion to Dismiss GAL Dr. Meera Shin; Motion to Change Venue; Motion to Disqualify all Snohomish County Judges and Commissioners.  GAL Dr. Meera Shin stated in open Court "no" email Service agreement was in place between herself and N. Jovee.

36. On October 21st, 2020 a hearing was held on N. Jovee's Motion to Dismiss GAL Dr. Meera Shin; Motion to Change Venue; Motion to Disqualify all Snohomish County Judges and Commissioners.  County of Snohomish Superior Court called Defendant Jim Simoneschi to the Courtroom.  N. Jovee disclosed to all parties he suffers from hearing impairments; received while serving on active duty in the United Stated Armed Forces. Defendant Jim Simoneschi assaulted N. Jovee by placing his knuckles in a fist and placing the knuckles into the middle of N. Jovee's lower spine and applying extreme pressure; to which the day before N. Jovee seen his medical professional for two (2) herniated discs in

**MOTION TO AMEND COMPLAINT -
PAGE 11**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

his lower spine ascertained while serving on Active Duty in the United States Armed Forces. Further, Defendant Jim Simoneschi attempted to "provoke" N. Jovee into a physical altercation by "chest bumping" N. Jovee and repeatedly stating: "what are you going to do about it"; to which failed to provoke N. Jovee. This is what N. Jovee is doing about it.

37. On October 28th, 2020 @ 10:12 a.m. N. Jovee sent an email to the County of Snohomish Executive explaining what happened with Defendant Jim Simoneschi and the County of Snohomish Superior Court in an attempt to seek relief and file a complaint. The County of Snohomish Executive did not respond.

38. On October 29th, 2020 Defendant GAL Dr. Meera Shin, filed into the County of Snohomish Superior Court an Official GAL Report into Cause No. 19-3-02130-31. Defendant GAL Dr. Meera Shin included factual lies in her GAL Report. This was done with collusion between Defendant's County of Snohomish, GAL Dr. Meera Shin and/or L.M.E., INC.

39. On October 29th, 2020 GAL Dr. Meera Shin submitted a Motion for Judgment and Order RE Guardian Ad Litem Fees into Cause No. 19-3-02130-31.

40. On November 6th, 2020 N. Jovee filed an Amended Motion to Dismiss GAL Dr. Shin, Motion to Disqualify all County of Snohomish Superior Court Judges and Commissioners, and Change Venue to Skagit County Superior Court.

41. On November 18th, 2020 Defendant GAL Dr. Meera Shin filed a "Motion for Judgment and Order re GAL Fees".

**MOTION TO AMEND COMPLAINT - PAGE 12**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

42. On November 20th, 2020 N. Jovee filed a second GAL Complaint upon Defendant GAL Dr. Meera Shin alleging violations of GAL Rules and Defendant GAL Dr. Meera Shin including factual lies in her GAL Report into Cause No. 19-302130-31. Further, it was discovered Defendant L.M.E., INC was the Legal Services Provider who was making decisions and/or giving legal advice regarding N. Jovee's GAL Complaints.

43. On November 20th, 2020 @ 4:56 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with Defendant GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief and file a GAL complaint. The County of Snohomish Executive did not respond.

44. On November 30th, 2020 the County of Snohomish Superior Court assigned pro-tem Commissioner Geoffrey Gibbs; who already had significant conflicts of interest involving N. Jovee. County of Snohomish Superior Court made no disclosures to the parties. N. Jovee had an active lawsuit, Cause No. 18-2-01818-31, involving County of Snohomish Superior Court pro-tem Commissioner Geoffrey Gibbs; before he was assigned to hear any Motions on this case and before County of Snohomish Superior Court assigned him to this case.

45. On December 4th, 2020 County of Snohomish Superior Court pro-tem Commissioner Geoffrey Gibbs "Amended" his "Order Denying" N. Jovee's Motions in Cause No. 19-3-02130-31.

46. On December 11th, 2020 N. Jovee received an email from County of Snohomish Superior Court making a finding of one (1) violation of the GAL Rules, and asked N. Jovee to

**MOTION TO AMEND COMPLAINT - PAGE 13**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4  "Supplement" his GAL Complaint to include further evidence for clarity and to address the

5  other issues in the complaint.

6  47. On December 12th, 2020 N. Jovee sent a "Supplemental" GAL Complaint to include

7  further evidence for "clarity".

8
9  48. On December 14th, 2020 N. Jovee filed a Motion to Reconsider County of Snohomish

10  Superior Court's Order Denying N. Jovee's Motion to Dismiss GAL Dr. Meera Shin,

11  Motion to Disqualify all Snohomish County Superior Court Judges and Commissioners,

12  and Change Venue to Skagit County Superior Court; into Cause No. 19-3-02130-31.

13  49. On January 6th, 2021 @ 8:31 p.m. N. Jovee sent an email to the County of Snohomish

14  Executive explaining what was happening with GAL Dr. Meera Shin and the County of

15  Snohomish Superior Court in an attempt to seek relief and file a GAL complaint. N. Jovee

16  also explained the Court and/or County was in violation of the Washington State Court

17  Rules: Superior Court Guardian ad Litem Rules as more than twenty-five (25) days elapsed

18  since N. Jovee filed his GAL complaint. The County of Snohomish Executive did not

19  respond.

20
21  50. On January 11th, 2021 @ 5:02 p.m. N. Jovee sent an email to the County of Snohomish

22  Executive explaining what was happening with GAL Dr. Meera Shin and the County of

23  Snohomish Superior Court in an attempt to seek relief. The County of Snohomish

24  Executive did not respond.

25
26  51. On January 11th, 2021 N. Jovee received a response to his GAL Complaint from the

27  County of Snohomish Superior Court; making a finding of ZERO (0) violations of the GAL

28

**MOTION TO AMEND COMPLAINT -**
**PAGE 14**

Rules; even after previously stating one (1) finding of a violation of the GAL Rules.

52. On March 3rd, 2021 GAL Dr. Meera Shin submitted a Third (3rd) Motion for Judgment and Order RE Guardian Ad Litem Fees.  This Motion was denied.

53. On March 19th, 2021 a hearing was held in front of Defendant L.M.E., INC; who was newly "appointed" as a County of Snohomish Commissioner; County of Snohomish Superior Court Cause No. 19-3-02130-31.  Before this Motion was brought forth, N. Jovee asked Defendant L.M.E., INC about their relation to Defendant GAL Dr. Meera Shin. Defendant L.M.E., INC denied a conflict-of-interest, denied knowing GAL Dr. Meera Shin or anything about her and proceeded to hear Motions brought by all parties.  The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

54. On March 22nd, 2021 N. Jovee submitted a Third (3rd) GAL complaint to the County of Snohomish Superior Court due to GAL Dr. Meera Shin, again, retaliating upon N. Jovee by fraudulently submitting "cost bills"; putting N. Jovee's Social Security Number into the Public Court Record; and not getting prior approval before asking for more than $1,300 in a "County Pay" case.

55. On March 22nd, 2021 @ 1:50 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief and file a GAL complaint.  The County of Snohomish Executive did not respond.

56. On March 24th, 2021 Defendant GAL Dr. Meera Shin filed a Motion to Seal COST BILL

**MOTION TO AMEND COMPLAINT - PAGE 15**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

UPDATED on 3 12 21, REPLY to Nathan's Response to Motion for an Additional GAL fee, and REPLY to Nathan's Response to Motion for Legal Messenger.

57. On April 2nd, 2021 Defendant GAL Dr. Meera Shin submitted a Fourth (4th) Motion for Additional GAL Fees or Dismiss GAL.

58. On June 8th, 2021 the Bryan County District Court of Oklahoma re-entered the Remanded Custody Determination in accordance with **RCW 26.27** and declaring "Home State" over N. Jovee, J. Jovee, and their three (3) said minor children in accordance with **RCW 26.27** the UCCJEA. Oklahoma maintained Jurisdiction for all purposes and in accordance with **RCW 26.27** the UCCJEA.

59. On July 13th, 2021 @ 10:52 a.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief. The County of Snohomish Executive did not respond.

60. On or about July, 2021 N. Jovee personally served County of Snohomish employee Joseph Genster. During this process service of Mr. Genster, he made derogatory remarks about my lower back disability and laughed. This was all caught on video as seen on YouTube.

61. On September 9th, September 23rd, and October 6th, 2021 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

**MOTION TO AMEND COMPLAINT -
PAGE 16**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

62. On October 8th, 2021 N. Jovee's Custody Determination from the State of Oklahoma was entered into the County of Snohomish Superior Court and "confirmed" in accordance with **RCW 26.27** the UCCJEA.

63. On October 22nd, 2021 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction and "modifying" N. Jovee's Oklahoma Custody Determination, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as the State of Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with **RCW 26.27**.

### First Cause of Action
### (Negligence against Defendants)

64. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1 through 63, as set forth below at length.

65. The above-described actions by Defendants County of Snohomish, L.M.E., INC and GAL Dr. Meera Shin; as well as, the above-described actions causing bodily-harm injury and/or exacerbating current injuries and assault by Defendant Jim Simoneschi and by proxy, Defendant County of Snohomish Sheriff was directly and proximately caused by the negligence, negligent legal malpractice, negligent entrustment, negligent misrepresentation and/or gross negligence, and the willful and wonton or reckless conduct of the above-named Defendants, whose actions were in violation of, not limited to the following statutes and Washington State Court Rules: **RCW 9A.36**; **RCW 19.86**, **RCW 26.12**, **RCW 26.27**,

**MOTION TO AMEND COMPLAINT -
PAGE 17**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

**RCW 26.44**, Washington State Court Rules: Superior Court Guardian ad Litem Rules.

66. Because of his injuries, N. Jovee was and has been required to seek medical treatment for his injuries, which result/ed in medical expenses and costs.

**Second Cause of Action**
**(Intentional Infliction of Emotional Distress)**

67. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1 through 66, as set forth below at length.

68. The tort for intentional infliction of emotional distress has four (4) elements: (1) the Defendant must act intentionally or recklessly; (2) the Defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause; (4) of severe emotional distress.

69. In this case Defendant's, and each of them, acted intentionally and recklessly when they acted together in collusion, refusing to intervene and/or alert proper authorities as required under ethics laws/rules, provided false testimony, admitted they gave false testimony, had knowledge of the false testimony and encouraged the parties to continue litigation without correcting the false testimony, made derogatory remarks to N. Jovee in an attempt to provoke N. Jovee into violence, attempting to force N. Jovee to be "mentally evaluated" with no causation and failure to prevent GAL Dr. Meera Shin from recommending "suspension" of N. Jovee's Oklahoma Court Ordered visitation with his three (3) minor boys.

70. In this case Defendant's, and each of them, conduct was extreme and outrageous as they

**MOTION TO AMEND COMPLAINT -**
**PAGE 18**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

attempted to collude to alienate N. Jovee's minor children from their Father, violate Court Ordered Visitation, allowing and entering N. Jovee's Social Security Number into the Public Court Record, covering-up prior violations of Washington State Superior Court GAL Rule violations, failing to disclose conflicts-of-interest and assaulting N. Jovee in an attempt to get a reaction and provocation of violence were extreme and outrageous.

71. The conduct of Defendant's, and each of them, was the cause of and/or exacerbated N. Jovee's anxiety, post-traumatic stress, emotional distress, lower spine injury, hip injuries and/or pain and suffering from extreme pressure being applied to N. Jovee's two (2) herniated discs located in his lower spine.

72. N. Jovee was, is and/or the actions of the Defendants have exacerbated N. Jovee's anxiety and/or post-traumatic stress as a result of the Defendants actions of attempting to alienate the Jovee minor children from their Father. N. Jovee was, is and/or the actions of the Defendants have exacerbated N. Jovee's anxiety and/or post-traumatic stress as a result of the Defendants actions of applying extreme pressure to my lower spine. N. Jovee was and is still suffering from pain and suffering due to extreme pressure being applied to N. Jovee's two (2) herniated discs located in his lower spine by Defendant Jim Simoneschi. N. Jovee has been required to seek medical treatment for his injuries, which result/ed in expenses and costs.

73. As a direct and proximate result of Defendant's negligence, N. Jovee has been damaged in a sum within the Jurisdiction of this Court and in an amount according to proof, including but not limited to general and special damages, anxiety and/or post-traumatic stress disorder

**MOTION TO AMEND COMPLAINT -
PAGE 19**

1

2

3

4  and/or exacerbating N. Jovee's anxiety and/or post-traumatic stress disorder, medical

5  expenses, loss of wages, loss of consortium, and pain and suffering, and such other ordinary

6  and reasonable expenses due to the actions of the Defendants. N. Jovee will seek leave of

7  the Court to Amend this Complaint to allege the exact amount of said damages when said

8  sum is fully ascertained.

9

10  74. If Defendant/s shall allege there is a party or non-party at fault (CR 12(I)), and Defendant/s

11  are successful in sustaining their burden of proof against said potential other non-parties,

12  and the tier of facts finds that any non-party or party as may be hereafter brought into this

13  action is at fault, then N. Jovee shall also be entitled to a Judgement against said other

14  parties or non-parties against whom Defendant/s have prevailed (CR 8).

15

16

17

### Third Cause of Action
### (Washington State Consumer Protection Act)

18  75. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1

19  through 74, as set forth below at length.

20

21  76. A Plaintiff may file and enjoin a claim for damages for any and all violations of **RCW**

22  **19.86.020**, **19.86.030**, **19.86.040**, **19.86.050**, or **19.86.060** in Superior Court under **RCW**

23  **19.86.090**.

24  77. To have a claim under the Washington State Consumer Protection Act alleged under **RCW**

25  **19.86.020**, the Plaintiff must satisfy element one (1) and two (2) or three (3), the third

26  element having three (3) sub-elements (a - c); in a private action to which an unfair or

27  deceptive act or practice is injurious to the public interest; as specified under **RCW**

28

**MOTION TO AMEND COMPLAINT -
PAGE 20**

**19.86.093**, because it: (1) violates a statute that is incorporated under **RCW 19.86**; (2) violates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons.

78. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and the County of Snohomish have violated **RCW 19.86.030**. Every contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared unlawful. See **RCW 19.86.030**. Defendant/s L.M.E., INC was contracted with the County of Snohomish for Legal Services at the same time GAL Dr. Meera Shin was contracted with the County of Snohomish for GAL Services under **Title 26; RCW**. L.M.E., INC was making Legal recommendations and/or giving legal advice to the County of Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish contracted GAL Dr. Meera Shin. GAL Dr. Meera Shin was getting legal advice from the County of Snohomish employees. Defendant/s L.M.E., INC and GAL Dr. Meera Shin have both been monetary compensated for their actions by the County of Snohomish. Under **RCW 19.86.030**, contracts and/or a combination of contracts cannot conspire "in restraint of trade or commerce"; as N. Jovee asserts has happened in this case. Under the above set-forth elements for violation of the Washington State Consumer Protection Act; N. Jovee asserts the above related actions in violation of **RCW 19.86.030** can also be compensated under **RCW 19.86.020**; as long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW 19.86.030** meets the requirement set forth in element (1); **(2)** N. Jovee

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

1
2
3
4

asserts this violation also conforms to element (2) as the **RCW 26.27** the UCCJEA and

5

**RCW 26.12** contains specific legislative declarations of public interest impact; and **(3)** N.

6

Jovee asserts as a result of the above alleged actions, criterion set forth under element (3)

7

have been met as Defendant/s (a) have injured other persons, specifically Ms. Christie

8
9

Cano; or (b) had the capacity to injure other persons; or (c) still has the capacity to injure

10

other persons as the Defendant L.M.E., INC is an active business entity and GAL Dr.

11

Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of

12

Washington.

13

79. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and the County of

14

Snohomish have violated **RCW 19.86.040**. It shall be unlawful for any person to

15
16

monopolize, or attempt to monopolize or combine or conspire with any other person or

17

persons to monopolize any part of trade or commerce. See **RCW 19.86.040**. Defendant

18

L.M.E., INC was/is contracted with the County of Snohomish for Legal Services. L.M.E.,

19

INC was making Legal recommendations and/or giving legal advice to the County of

20

Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish

21

contracted GAL Dr. Meera Shin. Upon completion of N. Jovee's 2nd GAL Complaint,

22

Defendant County of Snohomish "acquired" L.M.E., INC's Registered and Governing

23
24

Agent to become a County of Snohomish Superior Court Commissioner to sit and hear

25

Motions regarding the same "GAL Complaints" submitted by N. Jovee. Under **RCW**

26

**19.86.040**, no person can monopolize, or "attempt to monopolize" or combine or conspire

27

with any other person or persons to monopolize any part of trade or commerce; as N. Jovee

28

**MOTION TO AMEND COMPLAINT - PAGE 22**

asserts has happened in this case. Under the above set-forth elements for violation of the Washington State Consumer Protection Act; N. Jovee asserts the above related actions in violation of **RCW 19.86.040** can also be compensated under **RCW 19.86.020**; as long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW 19.86.040** meets the requirement set forth in element (1); **(2)** N. Jovee asserts this violation also conforms to element (2) as **RCW 26.27** the UCCJEA, **RCW 26.12**, Washington State Doctor and Attorney ethics laws containing specific legislative declarations of public interest impact; and/or **(3)** N. Jovee asserts as a result of the above alleged actions, criterion set forth under element (3) have been met as Defendant/s (a) have injured other persons, specifically N. Jovee's minor children and other minor children of the public; or (b) had the capacity to injure other persons, specifically N. Jovee's minor children and other minor children of the public; or (c) still has the capacity to injure other persons, specifically N. Jovee's minor children and other minor children of the public as the Defendant L.M.E., INC is an active business entity and GAL Dr. Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of Washington.

80. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.060**. It shall be unlawful for any corporation to acquire, directly or indirectly, the whole or any part of the stock or assets of another corporation where the effect of such acquisition may be to substantially lessen competition or tend to create a monopoly in any line of commerce. See **RCW 19.86.060**. Defendant L.M.E., INC was/is contracted with the County of Snohomish for Legal Services. L.M.E.,

**MOTION TO AMEND COMPLAINT - PAGE 23**

1

2

3

4 INC was making Legal recommendations and/or giving legal advice to the County of

5 Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish

6 contracted GAL Dr. Meera Shin.  Upon completion of N. Jovee's 2nd GAL Complaint,

7 Defendant County of Snohomish "acquired" L.M.E., INC by appointing its Registered and

8 Governing Agent to become a County of Snohomish Superior Court Commissioner to sit

9 and hear Motions regarding the same "GAL Complaints" submitted by N. Jovee.  Under

10 **RCW 19.86.060**, no corporation can acquire, directly or indirectly, the whole or any part of

11 the stock or assets of another corporation where the effect of such acquisition may be to

12 substantially lessen competition or "tend to create a monopoly in any line of commerce"; as

13 N. Jovee asserts has happened in this case.  Under the above set-forth elements for violation

14 of the Washington State Consumer Protection Act; N. Jovee asserts the above related

15 actions in violation of **RCW 19.86.060** can also be compensated under **RCW 19.86.020**; as

16 long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW

17 19.86.060** meets the requirement set forth in element (1); **(2)** N. Jovee asserts this violation

18 also conforms to element (2) as the Washington State Constitution, the **RCW 26.27** the

19 UCCJEA, **RCW 26.12**, Washington State Doctor and Attorney ethics laws containing

20 specific legislative declarations of public interest impact; and/or **(3)** N. Jovee asserts as a

21 result of the above alleged actions, criterion set forth under element (3) have been met as

22 Defendant/s (a) have injured other persons, specifically N. Jovee's minor children and other

23 minor children of the public; or (b) had the capacity to injure other persons, specifically N.

24 Jovee's minor children and other minor children and members of the public; or (c) still has

25

26

27

28

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

the capacity to injure other persons, specifically N. Jovee's minor children and other minor children and members of the public as the Defendant L.M.E., INC is an active business entity and GAL Dr. Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of Washington.

81. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each date a hearing was held in front of L.M.E., INC involving GAL Dr. Meera Shin's GAL violations.

82. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each occasion GAL Dr. Meera Shin filed a fraudulent and/or false statement into and/or on the Official Court Record.

83. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each occasion L.M.E., INC filed a fraudulent and/or false statement into and/or on the Official Court Record.

84. Defendant/s GAL Dr. Meera Shin and L.M.E., INC both maintained contracts with the County of Snohomish; which all have a "duty to the public" in their official capacity as a GAL, Doctor and/or as an Attorney at Law.  Further, N. Jovee asserts Defendant/s GAL Dr. Meera Shin and L.M.E., INC both had a further duty to N. Jovee and the three (3) minor Jovee boys when reviewing misconduct and/or abuse claims directly relating to the minor Jovee children.

85. As prescribed under **RCW 19.86.140**, Civil Penalties are also awarded for violations of **RCW 19.86.020**, **RCW 19.86.030** and/or **RCW 19.86.040**.

**MOTION TO AMEND COMPLAINT -**
**PAGE 25**

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

86. N. Jovee requests a penalty for each individual Defendant, found liable, who violated **RCW 19.86.030** and/or **RCW 19.86.040** of not more than \$180,000.00.  For every Defendant, other than an individual who violated **RCW 19.86.030** and/or **RCW 19.86.040**, N. Jovee requests a penalty of not more than \$900,000.00.

87. N. Jovee requests an "enhanced penalty of \$5,000" as prescribed under **RCW 19.86.140** for the Defendants actions of "targeting" N. Jovee; a "physically disabled veteran".

## Prayer for Relief

88. WHEREFORE, N. Jovee prays as follows:

   1) For an award of damages compensating N. Jovee in an amount to be proven at trial;

   2) For an award of civil penalties in an amount to be proven at trial and/or prescribed under **RCW 19.86.140**;

   3) For an award of costs compensating N. Jovee for his costs of suit incurred herein;

   4) For an award of fees under **RCW 4.84** or as otherwise permitted by law; and

   5) Any other relief requested in this Complaint and/or such other relief as the Court may find just and proper.

## Reservation of Rights

89. N. Jovee reserves the right to amend his complaint further and conduct discovery relevant to this suit.

**MOTION TO AMEND COMPLAINT - PAGE 26**

NATHAN JOVEE
P.O. Box 73
Woodinville, WA, 98072
425-530-7435
njovee@gmail.com

1
2
3
4

**Jury Trial Demanded**

5  90. N. Jovee seeks a 12 - person Jury Trial on all matters; pursuant to CR 38 and the

6  Washington State Constitution.

7
8
   DATED this __ day of April 2022 at Everett, Washington.
9
10
                    Respectfully submitted,
11
12
                    _____
13                  Nathan Jovee, Pro Se litigant;
                    Honorably Discharged Disabled
14                  Iraqi War Veteran
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION TO AMEND COMPLAINT -
PAGE 27**

**NATHAN JOVEE**
**P.O. Box 73**
**Woodinville, WA, 98072**
425-530-7435
njovee@gmail.com

Exhibit B

22-2-00076-29
CMP
Complaint
11719427

5

SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2022 JAN 24  PM 1:37

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SKAGIT

| | |
|---|---|
| NATHAN JOVEE, <br><br> Plaintiff, <br><br> vs. <br><br> MEERA SHIN as a County of Snohomish contracted Guardian Ad Litem, COUNTY OF SNOHOMISH as a sub-division of the State of Washington, COUNTY OF SNOHOMISH SHERIFF, DEPUTY SHERIFF JIM SIMONESCHI as a County of Snohomish Deputy Sheriff, L.M.E., INC, as a Legal Services Provider for the County of Snohomish and DOES 1 - 50, <br><br> Defendants. | Case No. 2 2 - 2 - 0 0 0 7 6 - 2 9 <br><br> **Judge:** <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** <br><br> **(1) Negligence;** <br><br> **(2) Intentional Infliction of Emotional Distress; and** <br><br> **(3) The Washington State Consumer Protection Act.** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW; Plaintiff N. Jovee, a Pro Se indigent litigant, in this case who alleges as follows:

**General Allegations**

1. <u>Plaintiff:</u>

At all times relevant to this Complaint, N. Jovee was and is currently a resident of the County of Snohomish, located in Washington State; 425-530-7435; njovee@gmail.com.

COMPLAINT FOR DAMAGES          1                         NATHAN JOVEE, PRO SE
                                                        10115 HOLLY DR APT Q301
                                                        EVERETT, WA, 98204

2.  Defendants:

**Defendant No. 1**

At all times applicable herein, the County of Snohomish was and is a public entity of the State of Washington.

**Defendant No. 2**

N. Jovee asserts, on information and belief, at all times herein the County of Snohomish Sheriff and County of Snohomish Sheriff's Department are independently elected sub-divisions of the County of Snohomish and the State of Washington. Defendant County of Snohomish is vicariously liable for the actions of Defendants County of Snohomish Sheriff/Department under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

**Defendant No. 3**

N. Jovee asserts, on information and belief, at all times herein Defendant County of Snohomish Deputy Sheriff Jim Simoneschi is a resident of the County of Snohomish and is employed by the County of Snohomish Sheriff and/or the County of Snohomish and was within the course and scope of his employment as Deputy Sheriff. Defendant County of Snohomish and/or County of Snohomish Sheriff is vicariously liable for the actions of Defendant Jim Simoneschi under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

COMPLAINT FOR DAMAGES        2                    NATHAN JOVEE, PRO SE
                                                 10115 HOLLY DR APT Q301
                                                 EVERETT, WA, 98204

**Defendant No. 4**

N. Jovee asserts, on information and belief, at all times herein Defendant Guardian Ad Litem (GAL) Doctor Meera Shin is a resident of the County of King and is or was contracted and/or employed by the County of Snohomish and was within the course and scope of her employment and/or contract as a County of Snohomish GAL. Defendants County of Snohomish and/or L.M.E., INC, as a "business entity", is vicariously liable for the actions of Defendant GAL Dr. Meera Shin under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

**Defendant No. 5**

N. Jovee asserts, on information and belief, at all times herein Defendant L.M.E., INC, the Registered and Governing Agent Lisa Micheli as Attorney at Law is an Active Business entity located at 1301 56TH ST SW, Everett, WA, 98203 in the County of Snohomish and was and/or is contracted with the County of Snohomish and was within the course and scope of her contract for Legal Services for the County of Snohomish. Defendant County of Snohomish and/or L.M.E., INC, as a "business entity", is vicariously liable for the actions of Defendant/s L.M.E., INC and GAL Dr. Meera Shin; under *respondeat superior* and other principles of agency law, such as, but not limited to, master-servant.

**Defendant No. 6**

N. Jovee is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 50, and for that reason has sued such Defendants under such fictitious names. N. Jovee reserves his Rights, and will seek leave of Court to Amend this Complaint to identify

said Defendants when their identities have been ascertained. N. Jovee is informed each of the factitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused damages and injuries set forth herein.

3. N. Jovee claims this case involves Defendant County of Snohomish; allowing the Skagit County Superior Court to assume Jurisdiction and assert this is the proper Venue as prescribed under RCW 36.01.050(1).

4. A claim for damages was properly filed with Defendant County of Snohomish. More than sixty (60) days have elapsed without a response from any Defendant. Attached hereto as **Exhibit 1** is a true and correct copy of N. Jovee's claim for damages submitted to the County of Snohomish Auditor's Office/Risk Management.

## Background of Facts

5. N. Jovee married Jolene Marie Matkins, herein J. Jovee on November 27th, 2006 in Everett, Washington while he was serving on Active Duty in the United States Armed Forces. The marriage produced three sons, LJ (10/2008), SJ (10/2011), and BJ (12/2014). All three children had a close relationship with each other and had an equally as strong bond with their father, N. Jovee, and Mother J. Jovee.

6. The Marriage ended when J. Jovee filed a Petition for Dissolution of Marriage on May 23rd, 2016. An Automatic Temporary Injunction was entered upon the Parties by the Bryan County District Court of Oklahoma preventing the parties from removing the minor children from the State of Oklahoma. During the pendency of the Jovee's Dissolution of Marriage proceedings in the State of Oklahoma, J. Jovee produced a fourth (4) child in June of 2018; before the Jovee's were Divorced. A Judgment of Dissolution was entered in September of

COMPLAINT FOR DAMAGES          4                    NATHAN JOVEE, PRO SE
                                                   10115 HOLLY DR APT Q301
                                                   EVERETT, WA, 98204

2018 (Reversed in part 2021). J. Jovee was found Guilty of Contempt of Court by the Bryan County District Court for the State of Oklahoma in September of 2018 for removing the three (3) minor children from the State of Oklahoma twelve (12) days after Petitioning the Bryan County District Court for the State of Oklahoma for a Dissolution of Marriage. This violated the Oklahoma Automatic injunction entered by the Court after Petitioning for Divorce.

7. On December 14th, 2016 J. Jovee began "forum shopping" in Washington State District Court, Evergreen Division in Monroe, WA, County of Snohomish by initiating Court proceedings without exercising "Emergency Jurisdiction" as prescribed in RCW 26.27 (UCCJEA); Title 43 O.S. Section 551-101 et seq. (UCCJEA) and Title 10 of the Oklahoma Statutes, 7700-101, et seq "Uniform Parentage Act".

8. On December 14th, 2016 the Bryan County District Court of Oklahoma entered an Order for Child Support upon N. Jovee in accordance with the UIFSA and in accordance with Title 43 O.S. § 115 and Title 12 O.S. § 1171.3(J)(2); RCW 26.27 and RCW 26.21A.

9. On December 27th, 2016 the County of Snohomish was made aware proceedings involving the three (3) said Minor Children involved in this case and both parents were currently under the Jurisdiction of the State of Oklahoma in accordance with the UCCJEA; RCW 26.27 (UCCJEA); Title 43 O.S. Section 551-101 et seq. (UCCJEA) and Title 10 of the Oklahoma Statutes, 7700-101, et seq "Uniform Parentage Act".

10. On or about December of 2017 N. Jovee moved from the State of Oklahoma to the State of Washington. The Bryan County District Court of Oklahoma maintained Jurisdiction over all parties under the UCCJEA and/or the UIFSA.

11. On September 27th, 2018 the Bryan County District Court of Oklahoma entered a Custody Determination in accordance with the UCCJEA and declaring "Home State" over N. Jovee,

NATHAN JOVEE, PRO SE
10115 HOLLY DR APT Q301
EVERETT, WA, 98204

J. Jovee, and their three (3) said minor children in accordance with RCW 26.27. Oklahoma maintained Jurisdiction for purposes of "appeal" and in accordance with the UCCJEA; confirmed by the Oklahoma State Supreme Court Mandate. N. Jovee hired Counsel, Ms. Julie Fulton located in Oklahoma City, to file an Appeal on behalf of N. Jovee. This Order was eventually Reversed in-Part and Remanded with Instruction; June 8th, 2021.

12. On October 26th, 2018 N. Jovee filed an appeal through Counsel Ms. Julie Fulton, located in Oklahoma City, with the Oklahoma Court of Appeals.

13. On August 21st, 2018 the minor children's Father N. Jovee made a suspected child abuse report to the County of Snohomish Department of Children, Youth, and Family Services upon LJ reporting abuse. A Social Worker did not investigate the allegations due to this report being "screened out".

14. On October 30th, 2018 an "anonymous" reporter from the Sultan Public Elementary School made a suspected child abuse report to the County of Snohomish Department of Children, Youth, and Family Services on Jolene for "physical abuse" upon the oldest minor child, striking and leaving a "red mark" across the child's face.

15. On January 10th, 2019 a GAL Complaint was submitted to the King County Superior Court GAL Committee against Defendant GAL Dr. Meera Shin; claiming HIPPA misconduct and fraud.

16. On February 16th, 2019 an incident occurred where J. Jovee, the mother of the three (3) said Minor Children in this case, attempted to "remove" the three (3) said Minor Children from the care and custody of N. Jovee, on N. Jovee's Court Ordered visitation time. The said Minor Children were returned to the safety of N. Jovee by the Washington State City of Fife

NATHAN JOVEE, PRO SE
10115 HOLLY DR APT Q301
EVERETT, WA, 98204

Police Department to finish said visitation time with Father as allotted under the Court Ordered Oklahoma Custody Determination.

17. On April 26th, 2019 N. Jovee made Defendant's County of Snohomish and L.M.E., INC aware by filing a Declaration, that a Custody Determination was already in place by the Bryan County District Court of the State of Oklahoma; and in accordance with RCW 26.27.

18. On May 14th, 2019 Defendant County of Snohomish Sheriff's Department showed bias; and colluded for an improper purpose, without just cause, in N. Jovee's Child Support proceedings by making attorney for Washington State DSHS Chris Shawn Shaha a "witness" in a criminal investigation of N. Jovee's mother, Lori Shavlik.

19. On June 18th, 2019 the County of Snohomish Superior Court "enforced" Jurisdiction over the three (3) said minor Jovee Children and one adult party (J. Jovee), all while those said parties were under the Jurisdiction of the State of Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

20. On September 11th, 2019 N. Jovee was told by the Snohomish County Clerk's Office employee Gena Sanchez-Peña, his only option to seek relief in an "Emergency Jurisdiction" capacity was to "register" his "Foreign Judgment" Parenting Plan in the County of Snohomish Superior Court. N. Jovee "registered" his out of State Custody Determination on this same day for emergency relief due to J. Jovee attempting to "remove" the minor children from the care and custody of N. Jovee in Fife, WA at a 10 minute wrestling weigh-in in violation of RCW 26.27. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

COMPLAINT FOR DAMAGES          7                    NATHAN JOVEE, PRO SE
                                                   10115 HOLLY DR APT Q301
                                                   EVERETT, WA, 98204

21. On October 18th, 2019 County of Snohomish employee Sanda Meeker filed a Notice of Appearance on behalf of "the State of Washington" into County of Snohomish Superior Court Cause No. 19-3-02130-31. No SAAG/SAAP disclosures were made, nor any other disclosures made to the parties.

22. On November 14th, 2019 the County of Snohomish Superior Court removed L. Shavlik, N. Jovee's mother, from the Courtroom Sua Sponte. This cleared the Courtroom and left no witnesses or support for N. Jovee. This same day County of Snohomish Superior Court "assigned" a GAL without allowing the parties to choose from three (3) GALs as RCW 26.12.177 allows. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

23. On February 1st, 2020 all County of Snohomish Superior Court Judges and Commissioners disqualified themselves from hearing case number 19-2-05888-31, *Glenda Matkins v. L. Shavlik* in which the Defendant was L. Shavlik, who is N. Jovee's Mother and the Plaintiff was J. Jovee's Mother, Glenda Matkins.

24. On June 15th, July 8th, and July 29th, 2020 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as the State of Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

25. On April 19th, 2020 the County of Snohomish Superior Court assigned Defendant GAL Dr. Meera Shin to County of Snohomish Superior Court Cause No. 19-3-02130-31 without considering RCW 26.12 and RCW 26.27.

26. On June 29th, 2020 the County of Snohomish Superior Court entered an Order "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as the State of Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

27. On July 27th, 2020 the Oklahoma Appellate Court "Affirmed in Part, Reversed in Part, and Remanded with Further Instruction" the Original Oklahoma Custody Determination. Oklahoma Courts retained "home state" Jurisdiction in accordance with the RCW 26.27.

28. On August 17th, 2020 Counsel for N. Jovee Ms. Julie Fulton, located in Oklahoma City, OK filed a Petition for Certiorari Review with the Oklahoma Supreme Court. This was eventually Denied.

29. On August 19th, 2020 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as the State of Oklahoma. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

30. On August 20th, 2020 @ 12:38 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with Defendant GAL Dr. Meera Shin in an attempt to seek relief and file a GAL complaint. The County of Snohomish Executive did not respond.

31. On August 21st, 2020 N. Jovee filed a GAL complaint with the County of Snohomish Superior Court on GAL Dr. Meera Shin.

32. On August 26th, 2020 the County of Snohomish Superior Court listed the three (3) said Minor Jovee Children and J. Jovee on a Washington State Protection Order. The County of

1   Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties

2   in accordance with RCW 26.27.

3   33. On September 25th, 2020 County of Snohomish Superior Court dismissed N. Jovee's said

4   GAL Complaint.   County of Snohomish Superior Court employee Jennifer Langbehn,

5   specifically, dismissed this GAL Complaint without disclosing she was previously employed

6   by County of Snohomish Superior Court employee Patrick Moriarty; who started the said

7   violations against N. Jovee by assigning GAL's to County of Snohomish Superior Court

8   Cause No. 19-3-02130-31. Further, it was discovered Defendant L.M.E., INC was the Lagal

9   Service Provider who was making decisions and/or giving legal advise regarding N. Jovee's

10   GAL Complaints.

11   34. On October 7th, 2020 N. Jovee filed a Motion to Dismiss GAL Dr. Meera Shin; Motion to

12   Change Venue; Motion to Disqualify all Snohomish County Judges and Commissioners due

13   to a "Public Records Request" showing extensive communication between Court

14   Administrative employees and GAL Dr. Meera Shin. GAL Dr. Meera Shin asked the Court

15   "what is your advice with this parent"; GAL Dr. Meera Shin is no longer giving her opinion

16   in her Report, the Court Staff has also contributed.

17   35. On October 21st, 2020 a hearing was held on N. Jovee's Motion to Dismiss GAL Dr. Meera

18   Shin; Motion to Change Venue; Motion to Disqualify all Snohomish County Judges and

19   Commissioners. GAL Dr. Meera Shin stated in open Court "no" email Service agreement

20   was in place between herself and N. Jovee.

21   36. On October 21st, 2020 a hearing was held on N. Jovee's Motion to Dismiss GAL Dr. Meera

22   Shin; Motion to Change Venue; Motion to Disqualify all Snohomish County Judges and

23   Commissioners. County of Snohomish Superior Court called Defendant Jim Simoneschi to

COMPLAINT FOR DAMAGES          10                    NATHAN JOVEE, PRO SE
                                                     10115 HOLLY DR APT Q301
                                                     EVERETT, WA, 98204

the Courtroom. N. Jovee disclosed to all parties he suffers from hearing impairments; received while serving on active duty in the United Stated Armed Forces. Defendant Jim Simoneschi assaulted N. Jovee by placing his knuckles in a fist and placing the knuckles into the middle of N. Jovee's lower spine and applying extreme pressure; to which the day before N. Jovee seen his medical professional for two (2) herniated discs in his lower spine ascertained while serving on Active Duty in the United States Armed Forces. Further, Defendant Jim Simoneschi attempted to "provoke" N. Jovee into a physical altercation by "chest bumping" N. Jovee and repeatedly stating: "what are you going to do about it"; to which failed to provoke N. Jovee. This is what N. Jovee is doing about it.

37. On October 28th, 2020 @ 10:12 a.m. N. Jovee sent an email to the County of Snohomish Executive explaining what happened with Defendant Jim Simoneschi and the County of Snohomish Superior Court in an attempt to seek relief and file a complaint. The County of Snohomish Executive did not respond.

38. On October 29th, 2020 Defendant GAL Dr. Meera Shin, filed into the County of Snohomish Superior Court an Official GAL Report into Cause No. 19-3-02130-31. Defendant GAL Dr. Meera Shin included factual lies in her GAL Report. This was done with collusion between Defendant's County of Snohomish, GAL Dr. Meera Shin and/or L.M.E., INC.

39. On October 29th, 2020 GAL Dr. Meera Shin submitted a Motion for Judgment and Order RE Guardian Ad Litem Fees into Cause No. 19-3-02130-31.

40. On November 6th, 2020 N. Jovee filed an Amended Motion to Dismiss GAL Dr. Shin, Motion to Disqualify all County of Snohomish Superior Court Judges and Commissioners, and Change Venue to Skagit County Superior Court.

41. On November 18th, 2020 Defendant GAL Dr. Meera Shin filed a "Motion for Judgment and Order re GAL Fees".

42. On November 20th, 2020 N. Jovee filed a second GAL Complaint upon Defendant GAL Dr. Meera Shin alleging violations of GAL Rules and Defendant GAL Dr. Meera Shin including factual lies in her GAL Report into Cause No. 19-302130-31. Further, it was discovered Defendant L.M.E., INC was the Legal Services Provider who was making decisions and/or giving legal advice regarding N. Jovee's GAL Complaints.

43. On November 20th, 2020 @ 4:56 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with Defendant GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief and file a GAL complaint. The County of Snohomish Executive did not respond.

44. On November 30th, 2020 the County of Snohomish Superior Court assigned pro-tem Commissioner Geoffrey Gibbs; who already had significant conflicts of interest involving N. Jovee. County of Snohomish Superior Court made no disclosures to the parties. N. Jovee had an active lawsuit, Cause No. 18-2-01818-31, involving County of Snohomish Superior Court pro-tem Commissioner Geoffrey Gibbs; before he was assigned to hear any Motions on this case and before County of Snohomish Superior Court assigned him to this case.

45. On December 4th, 2020 County of Snohomish Superior Court pro-tem Commissioner Geoffrey Gibbs "Amended" his "Order Denying" N. Jovee's Motions in Cause No. 19-3-02130-31.

46. On December 11th, 2020 N. Jovee received an email from County of Snohomish Superior Court making a finding of one (1) violation of the GAL Rules, and asked N. Jovee to

COMPLAINT FOR DAMAGES     12     NATHAN JOVEE, PRO SE
10115 HOLLY DR APT Q301
EVERETT, WA, 98204

"Supplement" his GAL Complaint to include further evidence for clarity and to address the other issues in the complaint.

47. On December 12th, 2020 N. Jovee sent a "Supplemental" GAL Complaint to include further evidence for "clarity".

48. On December 14th, 2020 N. Jovee filed a Motion to Reconsider County of Snohomish Superior Court's Order Denying N. Jovee's Motion to Dismiss GAL Dr. Meera Shin, Motion to Disqualify all Snohomish County Superior Court Judges and Commissioners, and Change Venue to Skagit County Superior Court; into Cause No. 19-3-02130-31.

49. On January 6th, 2021 @ 8:31 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief and file a GAL complaint. N. Jovee also explained the Court and/or County was in violation of the Washington State Court Rules: Superior Court Guardian ad Litem Rules as more than twenty-five (25) days elapsed since N. Jovee filed his GAL complaint. The County of Snohomish Executive did not respond.

50. On January 11th, 2021 @ 5:02 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief. The County of Snohomish Executive did not respond.

51. On January 11th, 2021 N. Jovee received a response to his GAL Complaint from the County of Snohomish Superior Court; making a finding of ZERO (0) violations of the GAL Rules; even after previously stating one (1) finding of a violation of the GAL Rules.

52. On March 3rd, 2021 GAL Dr. Meera Shin submitted a Third (3rd) Motion for Judgment and Order RE Guardian Ad Litem Fees. This Motion was denied.

COMPLAINT FOR DAMAGES          13                    NATHAN JOVEE, PRO SE
                                                    10115 HOLLY DR APT Q301
                                                    EVERETT, WA, 98204

53. On March 19th, 2021 a hearing was held in front of Defendant L.M.E., INC; who was newly "appointed" as a County of Snohomish Commissioner; County of Snohomish Superior Court Cause No. 19-3-02130-31. Before this Motion was brought forth, N. Jovee asked Defendant L.M.E., INC about their relation to Defendant GAL Dr. Meera Shin. Defendant L.M.E., INC denied a conflict-of-interest, denied knowing GAL Dr. Meera Shin or anything about her and proceeded to hear Motions brought by all parties. The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

54. On March 22nd, 2021 N. Jovee submitted a Third (3rd) GAL complaint to the County of Snohomish Superior Court due to GAL Dr. Meera Shin, again, retaliating upon N. Jovee by fraudulently submitting "cost bills"; putting N. Jovee's Social Security Number into the Public Court Record; and not getting prior approval before asking for more than $1,300 in a "County Pay" case.

55. On March 22nd, 2021 @ 1:50 p.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief and file a GAL complaint. The County of Snohomish Executive did not respond.

56. On March 24th, 2021 Defendant GAL Dr. Meera Shin filed a Motion to Seal COST BILL UPDATED on 3 12 21, REPLY to Nathan's Response to Motion for an Additional GAL fee, and REPLY to Nathan's Response to Motion for Legal Messenger.

57. On April 2nd, 2021 Defendant GAL Dr. Meera Shin submitted a Fourth (4th) Motion for Additional GAL Fees or Dismiss GAL.

58. On June 8th, 2021 the Bryan County District Court of Oklahoma re-entered the Remanded Custody Determination in accordance with RCW 26.27 and declaring "Home State" over N. Jovee, J. Jovee, and their three (3) said minor children in accordance with the UCCJEA. Oklahoma maintained Jurisdiction for all purposes and in accordance with RCW 26.27; the UCCJEA.

59. On July 13th, 2021 @ 10:52 a.m. N. Jovee sent an email to the County of Snohomish Executive explaining what was happening with GAL Dr. Meera Shin and the County of Snohomish Superior Court in an attempt to seek relief. The County of Snohomish Executive did not respond.

60. On or about July, 2021 N. Jovee personally served County of Snohomish employee Joseph Genster. During this process service of Mr. Genster, he made derogatory remarks about my lower back disability and laughed. This was all caught on video as seen on YouTube.

61. On September 9th, September 23rd, and October 6th, 2021 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma.   The County of Snohomish Superior Court did not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

62. On October 8th, 2021 N. Jovee's Custody Determination from the State of Oklahoma was entered into the County of Snohomish Superior Court and "confirmed" in accordance with RCW 26.27; the UCCJEA.

63. On October 22nd, 2021 the County of Snohomish Superior Court entered Orders "enforcing" Jurisdiction and "modifying" N. Jovee's Oklahoma Custody Determination, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case

COMPLAINT FOR DAMAGES          15                          NATHAN JOVEE, PRO SE
                                                           10115 HOLLY DR APT Q301
                                                           EVERETT, WA, 98204

at the same time as the State of Oklahoma. The County of Snohomish Superior Court did

not exercise "Emergency Jurisdiction" over any of the parties in accordance with RCW 26.27.

## First Cause of Action
### (Negligence against Defendants)

64. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1 through 63, as set forth below at length.

65. The above-described actions by Defendants County of Snohomish, L.M.E., INC and GAL Dr. Meera Shin; as well as, the above-described actions causing bodily-harm injury and/or exacerbating current injuries and assault by Defendant Jim Simoneschi and by proxy, Defendant County of Snohomish Sheriff was directly and proximately caused by the negligence, negligent legal malpractice, negligent entrustment, negligent misrepresentation and/or gross negligence, and the willful and wonton or reckless conduct of the above-named Defendants, whose actions were in violation of, not limited to the following statutes and Washington State Court Rules: RCW 9A.36; RCW 19.86, RCW 26.12, RCW 26.27, RCW 26.44, Washington State Court Rules: Superior Court Guardian ad Litem Rules and the Americans with Disabilities Act.

66. Because of his injuries, N. Jovee was and has been required to seek medical treatment for his injuries, which result/ed in medical expenses and costs.

## Second Cause of Action
### (Intentional Infliction of Emotional Distress)

67. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1 through 66, as set forth below at length.

COMPLAINT FOR DAMAGES          16                    NATHAN JOVEE, PRO SE
                                                     10115 HOLLY DR APT Q301
                                                     EVERETT, WA, 98204

68. The tort for intentional infliction of emotional distress has four (4) elements: (1) the Defendant must act intentionally or recklessly; (2) the Defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause; (4) of severe emotional distress.

69. In this case Defendant's, and each of them, acted intentionally and recklessly when they acted together in collusion, refusing to intervene and/or alert proper authorities as required under ethics laws/rules, provided false testimony, admitted they gave false testimony, had knowledge of the false testimony and encouraged the parties to continue litigation without correcting the false testimony, made derogatory remarks to N. Jovee in an attempt to provoke N. Jovee into violence, attempting to force N. Jovee to be "mentally evaluated" with no causation and failure to prevent GAL Dr. Meera Shin from recommending "suspension" of N. Jovee's Oklahoma Court Ordered visitation with his three (3) minor boys.

70. In this case Defendant's, and each of them, conduct was extreme and outrageous as they attempted to collude to alienate N. Jovee's minor children from their Father, violate Court Ordered Visitation, allowing and entering N. Jovee's Social Security Number into the Public Court Record, covering-up prior violations of Washington State Superior Court GAL Rule violations, failing to disclose conflicts-of-interest and assaulting N. Jovee in an attempt to get a reaction and provocation of violence were extreme and outrageous.

71. The conduct of Defendant's, and each of them, was the cause of and/or exacerbated N. Jovee's anxiety, post-traumatic stress, emotional distress, lower spine injury, hip injuries and/or pain and suffering from extreme pressure being applied to N. Jovee's two (2) herniated discs located in his lower spine.

72. N. Jovee was, is and/or the actions of the Defendants have exacerbated N. Jovee's anxiety and/or post-traumatic stress as a result of the Defendants actions of attempting to alienate the

Jovee minor children from their Father. N. Jovee was, is and/or the actions of the Defendants have exacerbated N. Jovee's anxiety and/or post-traumatic stress as a result of the Defendants actions of applying extreme pressure to my lower spine. N. Jovee was and is still suffering from pain and suffering due to extreme pressure being applied to N. Jovee's two (2) herniated discs located in his lower spine by Defendant Jim Simoneschi. N. Jovee has been required to seek medical treatment for his injuries, which result/ed in expenses and costs.

73. As a direct and proximate result of Defendant's negligence, N. Jovee has been damaged in a sum within the Jurisdiction of this Court and in an amount according to proof, including but not limited to general and special damages, anxiety and/or post-traumatic stress disorder and/or exacerbating N. Jovee's anxiety and/or post-traumatic stress disorder, medical expenses, loss of wages, loss of consortium, and pain and suffering, and such other ordinary and reasonable expenses due to the actions of the Defendants. N. Jovee will seek leave of the Court to Amend this Complaint to allege the exact amount of said damages when said sum is fully ascertained.

74. If Defendant/s shall allege there is a party or non-party at fault (CR 12(I)), and Defendant/s are successful in sustaining their burden of proof against said potential other non-parties, and the tier of facts finds that any non-party or party as may be hereafter brought into this action is at fault, then N. Jovee shall also be entitled to a Judgement against said other parties or non-parties against whom Defendant/s have prevailed (CR 8).

**Third Cause of Action**
**(Washington State Consumer Protection Act)**

75. N. Jovee repeats and incorporates herein by reference the allegations of paragraphs 1 through 74, as set forth below at length.

76. A Plaintiff may file and enjoin a claim for damages for any and all violations of **RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050**, or **19.86.060** in Superior Court under **RCW 19.86.090**.

77. To have a claim under the Washington State Consumer Protection Act alleged under **RCW 19.86.020**, the Plaintiff must satisfy element one (1) and two (2) or three (3), the third element having three (3) sub-elements (a - c); in a private action to which an unfair or deceptive act or practice is injurious to the public interest; as specified under **RCW 19.86.093**, because it: (1) violates a statute that is incorporated under **RCW 19.86**; (2) violates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons.

78. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and the County of Snohomish have violated **RCW 19.86.030**. Every contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared unlawful. See **RCW 19.86.030**. Defendant/s L.M.E., INC was contracted with the County of Snohomish for Legal Services at the same time GAL Dr. Meera Shin was contracted with the County of Snohomish for GAL Services under Title 26; RCW. L.M.E., INC was making Legal recommendations and/or giving legal advice to the County of Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish contracted GAL Dr. Meera Shin. GAL Dr. Meera Shin was getting legal advice from the County of Snohomish employees. Defendant/s L.M.E., INC and GAL Dr. Meera Shin have both been monetary compensated for their actions by the County of Snohomish. Under **RCW 19.86.030**, contracts and/or a combination of contracts cannot conspire "in restraint of trade or commerce"; as N. Jovee asserts has happened in this case. Under the above set-forth elements for violation of the Washington State Consumer

Protection Act; N. Jovee asserts the above related actions in violation of **RCW 19.86.030** can also be compensated under **RCW 19.86.020**; as long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW 19.86.030** meets the requirement set forth in element (1); **(2)** N. Jovee asserts this violation also conforms to element (2) as the UCCJEA, **RCW 26.27** and **RCW 26.12** contains specific legislative declarations of public interest impact; and **(3)** N. Jovee asserts as a result of the above alleged actions, criterion set forth under element (3) have been met as Defendant/s (a) have injured other persons, specifically Ms. Christie Cano; or (b) had the capacity to injure other persons; or (c) still has the capacity to injure other persons as the Defendant L.M.E., INC is an active business entity and GAL Dr. Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of Washington.

79. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and the County of Snohomish have violated **RCW 19.86.040**. It shall be unlawful for any person to monopolize, or attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of trade or commerce. See **RCW 19.86.040**. Defendant L.M.E., INC was/is contracted with the County of Snohomish for Legal Services. L.M.E., INC was making Legal recommendations and/or giving legal advice to the County of Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish contracted GAL Dr. Meera Shin. Upon completion of N. Jovee's 2nd GAL Complaint, Defendant County of Snohomish "acquired" L.M.E., INC's Registered and Governing Agent to become a County of Snohomish Superior Court Commissioner to sit and hear Motions regarding the same "GAL Complaints" submitted by N. Jovee. Under **RCW 19.86.040**, no person can monopolize, or "attempt to monopolize" or combine or conspire with any other person or

persons to monopolize any part of trade or commerce; as N. Jovee asserts has happened in this case. Under the above set-forth elements for violation of the Washington State Consumer Protection Act; N. Jovee asserts the above related actions in violation of **RCW 19.86.040** can also be compensated under **RCW 19.86.020**; as long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW 19.86.040** meets the requirement set forth in element (1); **(2)** N. Jovee asserts this violation also conforms to element (2) as the UCCJEA, **RCW 26.27, RCW 26.12**, Washington State Doctor and Attorney ethics laws containing specific legislative declarations of public interest impact; and/or **(3)** N. Jovee asserts as a result of the above alleged actions, criterion set forth under element (3) have been met as Defendant/s (a) have injured other persons, specifically N. Jovee's minor children and other minor children of the public; or (b) had the capacity to injure other persons, specifically N. Jovee's minor children and other minor children of the public; or (c) still has the capacity to injure other persons, specifically N. Jovee's minor children and other minor children of the public as the Defendant L.M.E., INC is an active business entity and GAL Dr. Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of Washington.

80. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.060**. It shall be unlawful for any corporation to acquire, directly or indirectly, the whole or any part of the stock or assets of another corporation where the effect of such acquisition may be to substantially lessen competition or tend to create a monopoly in any line of commerce. See **RCW 19.86.060**. Defendant L.M.E., INC was/is contracted with the County of Snohomish for Legal Services. L.M.E., INC was making Legal recommendations and/or giving legal advice to the County of Snohomish directly relating to N. Jovee's GAL Complaints upon County of Snohomish contracted GAL Dr. Meera Shin.

Upon completion of N. Jovee's 2nd GAL Complaint, Defendant County of Snohomish "acquired" L.M.E., INC by appointing its Registered and Governing Agent to become a County of Snohomish Superior Court Commissioner to sit and hear Motions regarding the same "GAL Complaints" submitted by N. Jovee. Under **RCW 19.86.060**, no corporation can acquire, directly or indirectly, the whole or any part of the stock or assets of another corporation where the effect of such acquisition may be to substantially lessen competition or "tend to create a monopoly in any line of commerce"; as N. Jovee asserts has happened in this case. Under the above set-forth elements for violation of the Washington State Consumer Protection Act; N. Jovee asserts the above related actions in violation of **RCW 19.86.060** can also be compensated under **RCW 19.86.020**; as long as it meets the criterion set forth above, as: **(1)** N. Jovee asserts violation of **RCW 19.86.060** meets the requirement set forth in element (1); **(2)** N. Jovee asserts this violation also conforms to element (2) as the Washington State Constitution, the UCCJEA, **RCW 26.27**, **RCW 26.12**, Washington State Doctor and Attorney ethics laws containing specific legislative declarations of public interest impact; and/or **(3)** N. Jovee asserts as a result of the above alleged actions, criterion set forth under element (3) have been met as Defendant/s (a) have injured other persons, specifically N. Jovee's minor children and other minor children of the public; or (b) had the capacity to injure other persons, specifically N. Jovee's minor children and other minor children and members of the public; or (c) still has the capacity to injure other persons, specifically N. Jovee's minor children and other minor children and members of the public as the Defendant L.M.E., INC is an active business entity and GAL Dr. Meera Shin is, to N. Jovee's best knowledge and belief, an active GAL in the State of Washington.

NATHAN JOVEE, PRO SE
10115 HOLLY DR APT Q301
EVERETT, WA, 98204

81. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each date a hearing was held in front of L.M.E., INC involving GAL Dr. Meera Shin's GAL violations.

82. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each occasion GAL Dr. Meera Shin filed a fraudulent and/or false statement into and/or on the Official Court Record.

83. N. Jovee claims Defendant/s L.M.E., INC, GAL Dr. Meera Shin and/or the County of Snohomish have violated **RCW 19.86.020** on each occasion L.M.E., INC filed a fraudulent and/or false statement into and/or on the Official Court Record.

84. Defendant/s GAL Dr. Meera Shin and L.M.E., INC both maintained contracts with the County of Snohomish; which all have a "duty to the public" in their official capacity as a GAL, Doctor and/or as an Attorney at Law. Further, N. Jovee asserts Defendant/s GAL Dr. Meera Shin and L.M.E., INC both had a further duty to N. Jovee and the three (3) minor Jovee boys when reviewing misconduct and/or abuse claims directly relating to the minor Jovee children.

85. As prescribed under **RCW 19.86.140**, Civil Penalties are also awarded for violations of **RCW 19.86.020**, **RCW 19.86.030** and/or **RCW 19.86.040**.

86. N. Jovee requests a penalty for each individual Defendant, found liable, who violated **RCW 19.86.030** and/or **RCW 19.86.040** of not more than $180,000.00. For every Defendant, other than an individual who violated **RCW 19.86.030** and/or **RCW 19.86.040**, N. Jovee requests a penalty of not more than $900,000.00.

87. N. Jovee requests an "enhanced penalty of $5,000" as prescribed under **RCW 19.86.140** for the Defendants actions of "targeting" N. Jovee; a "physically disabled veteran".

COMPLAINT FOR DAMAGES          23                    NATHAN JOVEE, PRO SE
                                                     10115 HOLLY DR APT Q301
                                                     EVERETT, WA, 98204

**Prayer for Relief**

88. WHEREFORE, N. Jovee prays as follows:

1) For an award of damages compensating N. Jovee in an amount to be proven at trial;

2) For an award of civil penalties in an amount to be proven at trial and/or prescribed under **RCW 19.86.140**;

3) For an award of costs compensating N. Jovee for his costs of suit incurred herein;

4) For an award of fees under RCW 4.84 or as otherwise permitted by law; and

5) Any other relief requested in this Complaint and/or such other relief as the Court may find just and proper.

**Reservation of Rights**

89. N. Jovee reserves the right to amend his complaint further and conduct discovery relevant to this suit.

**Jury Trial Demanded**

90. N. Jovee seeks a 12 - person Jury Trial on all matters; pursuant to CR 38 and the Washington State's Constitution.

DATED this 24th day of January 2022 at Everett, Washington.

Respectfully submitted,

Nathan Jovee, Pro Se litigant;
Honorably Discharged Disabled
Iraqi War Veteran

# Exhibit 1



## Snohomish County
# CLAIM FOR DAMAGE FORM



For Official Use Only

Pursuant to Chapter 4.96 RCW, this form is for filing a tort claim against Snohomish County. Some of the information requested on this form is required by RCW 4.96.020. The contents of this form and all attached materials may be MAR 10 '21 PM 2:27 subject to public disclosure.

**PLEASE TYPE OR PRINT IN INK.**

Mail or deliver original claim to:     **Snohomish County Risk Manager**
                                        3000 Rockefeller Avenue, M/S 610
                                        Everett, WA 98201-4046

                          **Hours:**   Monday – Friday, 8:00 a.m. to 5:00 p.m.
                                        (Excluding Weekends and Holidays)

## CLAIMANT INFORMATION

(1)   Claimant's name: Jovee, Nathan E.-------------------------------------06/20/1986------------
              (Last Name)          (First Name)          (MI)      Date of Birth (MM/DD/YYYY)

(2)   Current residential address: 10115 Holly Dr. Apt. Q301, Everett, WA 98201-------------------------

(3)   Mailing address (if different): Same-------------------------------------------------------------

(4)   Residential address on the date of the incident (if different from current address):

(5)   Claimant's daytime phone numbers: Home Phone # -----------------------------------------------
                          Business or Cell # 425-530-7435-------------------------------------------
      E-mail address: njovee@gmail.com ------------------------------------------------------------

(6)   Are you represented by an attorney for this claim?   ■ NO   ☐ YES  (If yes, please provide the following information.)

      Name of Attorney: _____

      Address of Attorney: _____

      Phone number of Attorney: _____

## INCIDENT INFORMATION

(7) Date of incident: _____ Time: _____     ☐ A.M. ☐ P.M.
         (MM/DD/YYYY)                                                                    (Check one)

(8) If the incident occurred over a period of time, date of first and last occurrences:

From: 04/10/2020 _____     Time: 3:04 _____     ☐ A.M. ■ P.M.
         (MM/DD/YYYY)                                          (Check one)

To: Present Day _____     Time: _____     ☐ A.M. ☐ P.M.
         (MM/DD/YYYY)                                          (Check one)

(9) Location of incident: Snohomish County Superior Court; County of Snohomish----------------
                          Place where incident occurred  (City, if applicable)

(10) If the incident occurred on a street or highway:

-------------------------------------------          ---------------------------------------------------------
       (Name of Street/Highway)                         (Intersection or nearest intersecting Street)

(11) Describe what happened. Please provide a description of the conduct and the circumstances that brought about
     the injury or damage. Please provide a description of the injury or damage. Explain the extent of property loss or
     medical, physical or mental injuries. (Attach additional sheets if necessary.)

The County of Snohomish employees Andrew Somers, Christine Liesback, Lisa Micheli and the

Snohomish County (SC) Superior Court GAL Committee have colluded in order to cover

violations of N. Jovee's Parental Rights, as well as, violating established Law, violating

established Case Law, RCW's of Washington State, and Federal Law under the

Uniform Child Custody Jurisdiction and Enforcement Act.  Further, SC has withheld and

or destroyed email communications that would prove SC employees were colluding

in order to harm N. Jovee and cover their own violations of the Law.  The SC Superior

Court GAL Committee has colluded to cover violations of N. Jovee's Rights and of GAL

Meera Shin's violations as a GAL.  During the Deposition of Meera Shin, she ADMITTED

to often getting Legal Advise from SC Employees; Meera Shin had COVID-19 in the summer

of 2020 and attempted to spread it to N. Jovee by attempting to "force" a home visit;

GAL Meera Shin hired Dr. Daniel Rybicki to "evaluate" her Ex-Husband and is now

using him to take Parental Right away from their Parents without Cause; SC has no

policies or procedures and/or inefficient policies or procedures to prevent this from happening in

the future and to the Public. SC allowed GAL Shin to put my SSN into the Court Record.

More TBD at trial. N. Jovee may Amend further. ------------------------------------------------------

Continue on reverse side...

(12) I claim damages in the amount of $ 2.9 Million---

(13)   Please attach documents to support your claim. (Pictures, Bids, invoices etc.)

(14)   (a)   If your claim includes damages for personal injury, bodily injury, or for any costs associated with medically treating personal or bodily injuries, please provide the information requested below. The federal government has established certain reporting requirements relating to claims for personal and bodily injuries, which Snohomish County is obligated to follow whether your claim is denied, results in a settlement from the County or a judgment in your favor.

*Please note that many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if there is a delay, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary and recover after the other other insurance pays.*

*Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist the Centers for Medicare and Medicaid Services and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.*

We are asking you to answer the questions below so that we may comply with this law.

Please review this example of a Medicare card to determine if you have, or have ever had, a similar Medicare card.



(b)   Are you presently, or have you ever been enrolled in Medicare? Yes ——— No X ——— If Yes, please also provide the following:

Full Name as it appears on your SSN or Medicare Card if available: ————————————————
    Date of Birth: ————————————
    Medicare Number (or SSN* if Medicare Number unavailable): ————————————————
    Sex: Male ——— Female ———

(c)   If you are refusing to provide the information requested immediately above, then please provide the reason(s) for refusal to provide requested information:

————————————————————————————————————————
————————————————————————————————————————
————————————————————————————————————————
————————————————————————————————————————

I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

_____     **05/06/2021**
Signature                           Date

(15) Names, addresses and telephone numbers of all persons involved in or witness to this incident:

County of Snohomish GAL Committee - Information on file--------------------------------------

County of Snohomish GAL Sub-Committee - Information on file---------------------------------

County of Snohomish Commissioners - Information on file----------------------------------------

Meera Shin - Information on file-------------------------------------------------------------------------

Christine Liesback - Information on file----------------------------------------------------------------

Andrew Somers - Information on file----- N. Jovee reserves the Right to Add witnesses.--

(16) Names of all Snohomish County employees having knowledge of this incident:

See above.------------------------------------------------------------------------------------------------------

(17) Names, addresses, and telephone numbers of all individuals not already identified in (13) and (14) above that have knowledge regarding the liability issues involved in this incident, or knowledge of the claimant's resulting damages.   Please include a brief description as to the nature and extent of each person's knowledge. Attach additional sheets if necessary.

Alex Witenberg - Witnessed Meera Shin's ADMITTALS during her Deposition; ------------

Dave Somers - I sent an email to Mr. Dave informing him of the situation; --------------------

Nancy Norris; most of the Snohomish County Superior Court and its Employees.----------

George Appel - Involved in the violations of N. Jovee's Rights via communications.-------

(18) Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom? Attach a copy of any reports. (Please note that all attachments may be subject to public disclosure.)

Yes; Reported to FBI, DOJ, CJC, Medical Board. TBD at trial----------------------------------

(19) Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings. (Please note that all attachments may be subject to public disclosure.)

TBD at trial

---

### **\*\*ADDITIONAL INFORMATION REQUIRED FOR AUTOMOBILE CLAIMS ONLY\*\***

License Plate#:_____    Driver License#:_____

Type of Auto:_____    _____    _____
             (Year)                         (Make)                         (Model)

DRIVER: _____    OWNER:_____

Address: _____    Address: _____

---

This claim form must be signed by the Claimant, a person holding a written Power of Attorney from the Claimant, the Attorney in Fact for the Claimant, an Attorney admitted to practice in the State of Washington on the Claimant's behalf or by a Court-Approved Guardian or Guardian Ad Litem on behalf of the Claimant.

## NOTE: THIS FORM MUST BE SIGNED

I, the undersigned, declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

X_____    Date: 05/06/2021
  Signature of Claimant

X Nathan Jovee
  Printed Name

X_____    Date:_____
  Signature of Claimant

X_____
  Printed Name

(Add additional signature blocks as necessary)



## Snohomish County
# CLAIM FOR DAMAGE FORM

**For Official Use Only**

Pursuant to Chapter 4.96 RCW, this form is for filing a tort claim against Snohomish County. Some of the information requested on this form is required by RCW 4.96.020. The contents of this form and all attached materials may be subject to public disclosure.

## PLEASE TYPE OR PRINT IN INK.

Mail or deliver original claim to: **Snohomish County Risk Manager**
3000 Rockefeller Avenue, M/S 610
Everett, WA 98201-4046

**Hours:** Monday – Friday, 8:00 a.m. to 5:00 p.m.
(Excluding Weekends and Holidays)

## CLAIMANT INFORMATION

(1) Claimant's name: Jovee, Nathan E.------------------------------------------06/20/1986-----------
　　　　　　　　(Last Name)　　　　(First Name)　　　　(MI)　　　Date of Birth (MM/DD/YYYY)

(2) Current residential address: 10115 Holly Dr. Apt. Q301, Everett, WA 98201-----------------------

(3) Mailing address (if different): Same------------------------------------------------------------------

(4) Residential address on the date of the incident (if different from current address):

(5) Claimant's daytime phone numbers: Home Phone #
　　　　　　　　　　　　　　　　Business or Cell # 425-530-7435-------------------------------------
E-mail address: njovee@gmail.com -----------------------------------------------------------------------

(6) Are you represented by an attorney for this claim?　■ NO　☐ YES (If yes, please provide the following information.)

Name of Attorney:

Address of Attorney:

Phone number of Attorney:

## INCIDENT INFORMATION

(7)  Date of incident:_____Time:_____   ☐ A.M. ☐ P.M.
     (MM/DD/YYYY)                                                                 (Check one)

(8)  If the incident occurred over a period of time, date of first and last occurrences:

     From: 04/10/2020          Time: 3:04        ☐ A.M. ■ P.M.
         (MM/DD/YYYY)                            (Check one)
     To: Present Day           Time:_____    ☐ A.M. ☐ P.M.
         (MM/DD/YYYY)                            (Check one)

(9)  Location of incident: Outside the Snohomish County Drewel Building; County of Snohomish--------------
                          Place where incident occurred  (City, if applicable)

(10) If the incident occurred on a street or highway:

     -------------------------------------------       ----------------------------------------------------------
     (Name of Street/Highway)                          (Intersection or nearest intersecting Street)

(11) Describe what happened. Please provide a description of the conduct and the circumstances that brought about
     the injury or damage. Please provide a description of the injury or damage. Explain the extent of property loss or
     medical, physical or mental injuries. (Attach additional sheets if necessary.)

     The County of Snohomish employee Joe Genster made derogatory and badgering

     comments about Nathan Jovee's ADA protected, lower back disability recieved while

     serving on Active Duty in the U.S. Armed forces.  These comments were directed directly

     at Nathan Jovee while he was attempting to execute "Official Court Service" of a Subpoena

     and was done in order to intentionally inflict emotional distress upon Nathan Jovee.

     Joe Genster has personal knowledge of my lower back injury due to the Snohomish County

     Sheriffs officer Jim Semonasski intentionally placing his knuckles in my lower back

     that has three (3) herniated Disks.  The actions of Joe Genster were calculated and

     meant to harrass and badger Nathan Jovee as he was attemting to execute Official Court

     business.  Joe Genster is a Publicly paid County worker with expectations far greater

     than that of what he displayed while in public.-------------------------------------------------

     ----------------------------------------------------------------------------------------------------
     ----------------------------------------------------------------------------------------------------
     ----------------------------------------------------------------------------------------------------
     ----------------------------------------------------------------------------------------------------
     ----------------------------------------------------------------------------------------------------

                                                                              Continue on reverse side...

(12) I claim damages in the amount of $ $25,000.00-----

(13)    Please attach documents to support your claim. **(Pictures, Bids, Invoices etc.)**

(14)    (a)    If your claim includes damages for personal injury, bodily injury, or for any costs associated with medically treating personal or bodily injuries, please provide the information requested below. The federal government has established certain reporting requirements relating to claims for personal and bodily injuries, which Snohomish County is obligated to follow whether your claim is denied, results in a settlement from the County or a judgment in your favor.

*Please note that many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if there is a delay, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary and recover after the other other insurance pays.*

*Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist the Centers for Medicare and Medicaid Services and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.*

We are asking you to answer the questions below so that we may comply with this law.

Please review this example of a Medicare card to determine if you have, or have ever had, a similar Medicare card.



(b)    Are you presently, or have you ever been enrolled in Medicare? Yes ———— No **X**
If Yes, please also provide the following:

Full Name as it appears on your SSN or Medicare Card if available: ————————————————————
Date of Birth: ————————————————
Medicare Number (or SSN* if Medicare Number unavailable): ————————————————
Sex: Male ————— Female —————

(c)    If you are refusing to provide the information requested immediately above, then please provide the reason(s) for refusal to provide requested information:

————————————————————————————————————————
————————————————————————————————————————
————————————————————————————————————————
————————————————————————————————————————

I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

**05/06/2021**

Signature                                                    Date

(15) Names, addresses and telephone numbers of all persons involved in or witness to this incident:

County of Snohomish worker/witness - Geoff --------------------------------------------------------------

County of Snohomish worker/witness - Joe Genster-----------------------------------------------------------

Lori Shavlik ------------------------------------- N. Jovee reserves the Right to Add witnesses.--

(16) Names of all Snohomish County employees having knowledge of this incident:

See above.--------------------------------------------------------------------------------------------

(17) Names, addresses, and telephone numbers of all individuals not already identified in (13) and (14) above that have knowledge regarding the liability issues involved in this incident, or knowledge of the claimant's resulting damages. Please include a brief description as to the nature and extent of each person's knowledge. Attach additional sheets if necessary.

(18) Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom? Attach a copy of any reports. (Please note that all attachments may be subject to public disclosure.)

Yes; Reported to WA State BAR. TBD at trial--------------------------------

Page 4 of 5

(19)  Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings. (Please note that all attachments may be subject to public disclosure.)

TBD at trial----------------------------------------------------------------------------------------------------

---

## **ADDITIONAL INFORMATION REQUIRED FOR AUTOMOBILE CLAIMS ONLY**

License Plate#:_____          Driver License#:_____

Type of Auto:_____         _____          _____
      (Year)                                              (Make)                                          (Model)

DRIVER:_____                    OWNER:_____

Address:_____                    Address:_____

_____                                      _____

_____                                      _____

---

This claim form must be signed by the Claimant, a person holding a written Power of Attorney from the Claimant, the Attorney in Fact for the Claimant, an Attorney admitted to practice in the State of Washington on the Claimant's behalf or by a Court-Approved Guardian or Guardian Ad Litem on behalf of the Claimant.

## NOTE: THIS FORM MUST BE **SIGNED**

I, the undersigned, declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

X_____                              Date: 08/13/2021
  Signature of Claimant

X Nathan Jovee
  Printed Name

X----------------------------------------------                              Date:--------------------
  Signature of Claimant

X----------------------------------------------
  Printed Name

(Add additional signature blocks as necessary)