UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN JOVEE, | CASE NO. C22-168 RSM |
| Plaintiff, | ORDER REMANDING TO STATE COURT |
| v. | |
| MEERA SHIN, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's First Motion to Amend Complaint and Remand Back to State Court. Dkt. #20. All the Defendants oppose Plaintiff's motion and three have subsequently filed motions to dismiss. Having reviewed the matter, the Court determines that this case is appropriately remanded to state court.

## II.   BACKGROUND

Pro se Plaintiff originally filed this action, which relates to events surrounding the dissolution of his marriage and the resulting child custody dispute with the mother of his three minor children, in Skagit County Superior Court. Dkt. #1-1. Plaintiff maintains that the dissolution began when the family lived in Oklahoma and his wife filed for dissolution in an Oklahoma state court. Upon filing, the Oklahoma state court entered an "Automatic Temporary

ORDER – 1

Injunction" ordering that the parents and children remain in Oklahoma.  In violation of that order, Plaintiff's wife removed the children to Washington and began dissolution proceedings in Snohomish County Superior Court.  One of Plaintiff's primary complaints is that despite the Oklahoma court's apparent jurisdiction over the matter, the Snohomish County Superior Court improperly found that it possessed jurisdiction and injected itself into the Oklahoma dispute.

Plaintiff's lawsuit names various actors involved with the Snohomish County dissolution proceedings.  Plaintiff sues Snohomish County for the actions of its courts, the County's Sheriff, one of the County's deputy sheriffs, the guardian ad litem appointed by Snohomish County Superior Court to represent the interests of Plaintiff's minor children, and a legal services provider that Snohomish County retained to hear Plaintiff's subsequent complaints against the guardian ad litem.  Plaintiff pleads three causes of action arising from the proceedings: (1) tort claims of negligence arising from numerous actions the Defendants took throughout the proceedings, including claims arising from a physical interaction with the named Deputy Sheriff that aggravated disabling conditions Plaintiff suffered while serving in the armed forces; (2) claims for intentional infliction of emotional harm; and (3) violations of Washington's Consumer Protection Act.

After Plaintiff's lawsuit was filed, Defendant Deputy Sheriff Jim Simoneschi filed a notice of removal on the purported basis that Plaintiff's complaint alleged violations of the Americans with Disabilities Act ("ADA").  Dkt. #1.  Defendant Simoneschi asserted that Plaintiff's action was properly removed as it fell within this Court's original jurisdiction because "Plaintiff's various claims seek damages for violation of the Americans with Disabilities Act, 32 U.S.C. § 12101 as well as state law claims." *Id.* at 1.

Aware that an ADA claim, premised on a federal statute, could place his case within this Court's subject matter jurisdiction, Plaintiff filed for leave to amend his complaint.  Dkt. #20.

ORDER – 2

Quite simply, Plaintiff requests leave to strike any reference to a potential ADA claim from his complaint. *Id.* at 1. As no apparent basis for federal court jurisdiction would remain, Plaintiff also requests that the Court remand his matter to Skagit County Superior Court. *Id.*

The Defendants have all opposed Plaintiff's request for remand to state court.[1] *See* Dkts. ##21, 23–25. Additionally, all Defendants, save Defendant Simoneschi, have subsequently sought dismissal of Plaintiff's claims. Dkts. ##27, 31, 38. And finally, several Defendants have requested that the Court stay discovery in this matter. Dkts. ##30, 32.

### III.     DISCUSSION

**A. Plaintiff Should Be Granted Leave to Amend His Complaint**

Plaintiff appropriately invokes Federal Rule of Civil Procedure 15(a) in seeking the Court's leave to amend his complaint. Leave to amend is to "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

Here, Defendants do not oppose Plaintiff's motion for leave to amend the complaint and the Court sees no reason that Plaintiff's requested amendment should not be allowed. The Court accordingly grants that portion of Plaintiff's motion.

//

//

---

[1] In effect, all Defendants rely on the same argument. The Snohomish County Defendants filed a motion with substantive arguments, while Defendant Meera Shin, the guardian ad litem, and Defendant L.M.E., Inc., the legal services corporation, simply join in the Snohomish County Defendants' arguments. *See* Dkts. ##24–25.

ORDER – 3

### B. Legal Standards Applicable to Plaintiff's Request for Remand

28 U.S.C. § 1441 allows state court defendants to remove actions from state court to federal court when the complaint falls within the subject matter jurisdiction of the federal district courts. These cases are primarily (1) those that present federal questions, pursuant to 28 U.S.C. § 1331, and (2) those that are between citizens of diverse residence (i.e., living in different states) where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). The federal courts, however, presumes that claims lay "outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290 (1938)).

### C. The Court Finds that Remand of Plaintiff's Action Is Appropriate

Notably absent from Defendants' opposition to Plaintiff's motion is any explanation of the federal ADA claim that serves as the purported basis for removal of this action. To support removal to federal court based on federal question jurisdiction, a claim must arise under the Constitution or a federal statute. It is not sufficient that a federal issue is present "in a state cause of action." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

> Courts have fashioned a number of proxies to determine whether a state claim depends on the resolution of a federal question to such an extent as to trigger subject matter jurisdiction. Is the federal question "basic" and "necessary" as opposed to "collateral" and "merely possible"? *Gully v. First National Bank*, 299 U.S. 109, 118 (1936). Is the federal question "pivotal" as opposed to merely

ORDER – 4

"incidental"? [*Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th Cir. 1985)]. Is the federal question "direct and essential" as opposed to "attenuated"? *Smith v. Grimm*, 534 F.2d 1346, 1350–51 (9th Cir.1976).

*Lippitt*, 340 F.3d at 1045.

Here, Defendants make no effort to explain or quantify the importance of the ADA to Plaintiff's state law tort claims. From the Court's review of the complaint, Plaintiff references his disabilities four times and the ADA one time. But none of the references strike the Court as sufficient to say that Plaintiff's claims arise under the ADA.

First, Plaintiff indicates while in Superior Court proceedings he informed the Superior Court Judge that he suffers from hearing impairments associated with his military service, that the Court at some time summoned Defendant Simoneschi who "assaulted [Plaintiff] by placing his knuckles in a fist and placing the knuckles into the middle of [Plaintiff's] lower spine and applying extreme pressure." Dkt. #1-1 ¶ 36. This was especially painful and distressing for Plaintiff as he had received medical care two days earlier for "herniated discs in his lower spine ascertained while serving on Active Duty in the United States Armed Forces." *Id.*

Second, Plaintiff alleges that he "served"—presumably a document—on a Snohomish County employee who "made derogatory remarks about [Plaintiff's] lower back disability and laughed." *Id.* ¶ 60.

Third, and within his "First Cause of Action (Negligence against Defendants)," Plaintiff alleges that various actions of Defendants "were in violation of, not limited to the following statutes and Washington State Court Rules: RCW 9A.36; RCW 19.86; RCW 26.12, RCW 26.27, RCW 26.44, Washington State Court Rules: Superior Court Guardian ad Litem Rules and the Americans with Disabilities Act." *Id*. ¶ 65. No indication is given as to how the ADA may have been violated and Plaintiff now seeks to remove this direct reference to the ADA.

ORDER – 5

1     Fourth, Plaintiff seeks enhanced penalties on his Washington Consumer Protection Act
2 claim because he was targeted as "a 'physically disabled veteran.'" *Id.* ¶ 87.
3     Fifth, Plaintiff identifies himself, in the signature block of his complaint, as a "Pro Se
4 litigant; Honorably Discharged Disabled Iraqi War Veteran." *Id.* at 24:27–28.
5     Once again, none of these tangential references appear actionable under the ADA and do
6 not appear central to Plaintiff's state law tort claims.  For his part, Plaintiff disclaims any intent
7 or desire to pursue claims under the ADA.  Dkt. #20 at 2 (indicating that Plaintiff "inadvertently"
8 included references to the ADA and that "Plaintiff does not and did not intend to litigate this
9 ADA claim").  Defendants essentially concede the issue as they do not argue that any basis for
10 federal court jurisdiction remains and instead arguing that the Court exercise its supplemental
11 jurisdiction to hear Plaintiff's state law claims.  The Court does not agree.
12     Defendants' primary argument for why the Court should retain this action is that Plaintiff
13 is a party to another action before the Court that was removed from Skagit County Superior
14 Court.  *See Jovee v. Snohomish County*, Case No. 21-cv-01590-RSM.  Accordingly, Defendants
15 maintain that judicial efficiency will be served by the Court hearing both actions.  Since the
16 argument was reduced to paper, however, Plaintiff's other case was remanded back to Skagit
17 County Superior Court, flipping the argument, and serving as an additional reason that this Court
18 should remand the matter.
19     Additionally, the Court is not persuaded by Defendants' argument that the Court should
20 deny Plaintiff's request to remand as untimely because he filed it 31 days after the notice of
21 removal was filed.  Dkt. #21 at 6 (citing 28 U.S.C. § 1447(c)).  Section 1447(c), however,
22 provides that a motion to remand based on "any defect <u>other than lack of subject matter</u>
23 <u>jurisdiction</u> must be made within 30 days after the filing of the notice of removal." 28 U.S.C.
24 § 1447(c).  Here, Plaintiff essentially asserts—and seeks to clarify—that no ADA claim was

ORDER – 6

made and that this case never fell within the Court's subject matter jurisdiction. Because Plaintiff's argument is essentially that the Court lacks subject matter jurisdiction, the 30-day period specified in § 1447(c) is inapplicable by its own terms.

Still further, Defendants' argument inherently conflicts with the very next sentence of § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To be sure, Defendants are correct that there are limited circumstances where district courts may continue to exercise supplemental jurisdiction over purely state law claims, even after the jurisdiction claim—for example, one presenting the only federal question—has been dismissed. *See e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). But Plaintiff does an admirable job, with extensive reliance on *Carnegie-Mellon*, explaining why remand may be the better option here. Dkt. #26 at 2–5. While the Court breezes over the finer points, it agrees that remand is the better course of action where the Court has already remanded another of Plaintiff's state court actions and where nothing substantive has occurred before this Court.

**D. The Court's Ruling Renders the Other Pending Motions Moot**

Because the Court concludes that this matter should be remanded back to state court for consideration on the merits, the Court denies the pending motions to dismiss and the motions to stay discovery as moot. To the extent the motions may have merit, they should be addressed by a Washington state court.

**IV.   CONCLUSION**

Having reviewed Plaintiff's motion, the responses thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's First Motion to Amend Complaint and Remand Back to State Court (Dkt. #20) is GRANTED.

ORDER – 7

2. This matter is hereby REMANDED to Skagit County Superior Court.

3. The following pending motions are DENIED as moot:

    a. Defendants County of Snohomish and County of Snohomish Sheriff's Motion to Dismiss (Dkt. #27);

    b. Snohomish County's Motion to Stay Discovery (Dkt. #30);

    c. Defendant Shin's Joinder in Motion to Dismiss Plaintiff's Complaint (Dkt. #31);

    d. Defendant Meera Shin's Joinder in Snohomish County Defendants' Motion to Stay Discovery (Dkt. #32); and

    e. Defendant L.M.E., Inc.'s Motion to Dismiss (Dkt. #38).

4. This matter is CLOSED.

DATED this 30th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 8